## Lewis v. E. F. Moore, Inc.

*Kingsley A. Jarvis*, for plaintiff.

*Victor J. Roberts*, for defendant.

VOGEL, J., February 9, 1967.—This is a products liability case which comes before the court on defendant's preliminary objections in the nature of a demurrer.

In essence, plaintiffs' complaint in trespass alleges that on or about October 12, 1965, defendant, E. F. Moore, Inc., a corporation engaged in the business of selling automobiles to the general public, sold a 1955 Oldsmobile to plaintiff, Alberta Lewis, which, unknown to plaintiff, had defective brakes. On October 13, 1965, shortly after delivery of said automobile to plaintiff at defendant's place of business, and within several miles of defendant's place of business, the brakes failed to function, causing an accident in which plaintiff sustained serious personal injuries.

The complaint further alleges that plaintiff had done nothing to change the condition of the auto from the time she took delivery; that she had no knowledge of the defective condition of the automobile; and that she had no reason to suspect the defective condition of the brakes, since the accident occurred approximately 15 minutes after leaving defendant's place of business.

The basis of defendant's demurrer is that "although plaintiffs' suit is in trespass, their complaint as filed fails to make any averments as to any negligence in

conduct on the part of the defendant or of any other tortious conduct of any kind whatever".

In reply thereto, plaintiffs rely upon and base their cause of action on the Restatement 2d, Torts §402A (1965), entitled "Special Liability of Seller of Product for Physical Harm to User or Consumer", which provides as follows:

"(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

"(a) the seller is engaged in the business of selling such a product, and

"(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

"(2) The rule stated in Subsection (1) applies although

"(a) the seller has exercised all possible care in the preparation and sale of his product, and

"(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller".

Comment (a) of the Restatement to §402A specifically states that this section makes the rule one of strict liability, and comment (d) states that the rule applies to an automobile.

This court finds its consideration of the demurrer to be governed by the foregoing language, which has been specifically adopted as the law of Pennsylvania in the case of Webb v. Zern, 422 Pa. 424 (1966). The adoption of the Restatement 2d, Torts §402A (1965), was affirmed in the more recent case of Ferraro v. Ford Motor Company, 423 Pa. 324 (1966) and such strict liability has been accepted in other jurisdictions as evidenced by the decision of the Illinois Supreme

Court in Suvada v. White Motor Company, 32 Ill. 2d 612, 210 N. E. 2d 182 (1965).

Counsel for defendant at oral argument contended that since plaintiff purchased a used car, a 1955 model, approximately 10 years old, the case of Webb v. Zern, supra, encompassing the Restatement 2d, Torts §402A, should not control. We cannot agree with this position because the Restatement specifically states: "(1) One who sells *any product* in a defective condition. . . ." (Italics supplied.) Clearly, the Restatement does not limit defendant's responsibility to new cars only.

Accordingly, it would appear that an adequate cause of action has been set forth by plaintiffs' complaint in trepass in this products liability case without specific averments as to negligence on the part of defendant.

And now, February 9, 1967, defendant's preliminary objection in the nature of a demurrer is dismissed and defendant is granted 20 days from the date of this decision to file a responsive pleading, if necessary.